UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATALIA KOBZAR,

        Petitioner,

v.                                                     Case No. 3:26-cv-1872-MMH-LLL

MARKWAYNE MULLIN, et al.,[1]

        Respondents.

_____

### **ORDER**

Petitioner Natalia Kobzar, an immigration detainee, initiated this action

through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition)

on July 23, 2026. See generally Petition. Kobzar, a citizen of Russia, was

paroled into the United States on August 25, 2023. Id. at 1, 4. On July 20, 2026,

United States Immigration and Customs Enforcement (ICE) detained Kobzar

following a traffic stop.[2] Id. at 1, 4; Doc. 4-1 at 2. The crux of Kobzar's Petition

---

[1] Respondent Markwayne Mullin's last name is misspelled on the Court's docket and throughout the filings in this case. While Kobzar spells his last name as "Mullings," see Petition at 1, and the docket reflects that his last name is "Mullins," the proper spelling is "Mullin."

[2] At the time Kobzar filed this case, she was housed at Flagler County Jail in Bunnell, Florida. See Doc. 1-3 at 1; Doc. 4-4 at 1. According to ICE's website, she is currently housed at a detention facility in Texas. See Online Detainee Locator System, ICE, available at https://locator.ice.gov/odls/#/search (last visited Aug. 13, 2026). Because Kobzar was detained within the Middle District of Florida when she filed this case, this Court retains jurisdiction despite her transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner

is that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Petition at 4–6. As relief, she seeks, inter alia, immediate release and a bond hearing. Id. at 7.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Kobzar, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Kobzar was not seeking entry at the border when she was re-detained; therefore, she is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

---

after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); see, e.g., Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided.").

1.    The **Clerk** is directed to correct the style of the case to reflect the proper spelling of Markwayne Mullin's name.

2.    Kobzar's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to her claim that her detention without an individualized bond hearing violates the Immigration and Nationality Act.[3] Within **seven days** of this Order, Respondents shall either afford Kobzar an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release her. If Respondents release Kobzar, they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

3.    The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of August, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[3] Because the Court finds that Kobzar is entitled to relief on her assertion that Respondents violated the Immigration and Nationality Act, the Court need not address her remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

lc36
c:
Counsel of Record